IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL MALIK SISCO,<br><br>    *Plaintiff*,<br><br> v.<br><br>MIDLAND FUNDING, LLC, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 19-02715 |

**PAPPERT, J.**                                  January 15, 2020

**<u>MEMORANDUM</u>**

Abdul Malik Sisco, proceeding *pro se*, sued Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. The Court dismissed Sisco's complaint without prejudice and gave him until mid-September to file an amended complaint. *See* (Dismissal Order, ECF No. 8). A month after that deadline came and went, the Court ordered Sisco to file his amended complaint by early November or his case may be dismissed for failure to prosecute. *See* (First Warning Order, ECF No. 10). When Sisco missed that deadline too, the Court again ordered Sisco to submit his amended complaint by a set deadline. *See* (Second Warning Order, ECF No. 11). Despite three deadlines and two warnings that his case may be dismissed for failure to prosecute, Sisco still has not amended his complaint. Given this silence and after considering the factors from *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court dismisses the case for failure to prosecute.

I

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. District courts also have inherent power to dismiss a case *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962).

Before dismissing a case for failure to prosecute or to comply with a court order, a court must consider six factors: "(1) the extent of the party's personal responsibility" for the conduct justifying dismissal; "(2) the prejudice to the adversary caused by the [conduct at issue]"; (3) the party's "history of dilatoriness"; (4) whether the conduct "was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868).

No one factor is dispositive; nor is there a "magic formula" or "mechanical calculation" when analyzing these factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). That said, "[t]he record must support the District Court's findings." *Hildebrand*, 923 F.3d at 132. The court must also remember that "dismissals with prejudice or defaults are drastic sanctions" and "must be a sanction of last, not first, resort." *Id.* (quoting *Poulis*, 747 F.2d at 867, 869).

II

Dismissal is warranted here. As a *pro se* litigant, Sisco is personally responsible for his failure to respond to the law firm's motion and comply with the Court's orders, which were successfully delivered to Sisco's physical and email addresses. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). And as Sisco is not incarcerated,

difficulties associated with prison life cannot explain his noncompliance with the Court's orders. *Cf. Briscoe*, 538 F.3d at 259. The first factor thus favors dismissal.

The second factor—prejudice to the Defendants—is neutral. Although the specter of a lawsuit hanging over their heads may not be ideal, this case (lacking an operative complaint) poses no real threat to the Defendants. And the delay in proceedings has yet to reach the point at which preservation of evidence or potential witnesses' memories are at risk.

The third and fourth factors counsel for dismissal. Though only about five months have passed since the Court dismissed Sisco's complaint, Sisco has missed three deadlines and ignored three Court orders. This history suggests that Sisco has no intention of prosecuting this case.

The final two factors point in the same direction. Given that Sisco has no complaint pending and is *pro se*, monetary or evidentiary sanctions would be ineffectual. *See Emerson*, 296 F.3d at 191. And as the Court has explained, Sisco's claims lack merit. *See generally* (Dismissal Order).

In sum, the *Poulis* factors weighs in favor of dismissal. The Court therefore dismisses the case with prejudice for failure to prosecute.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.